IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD W. MONINGTON | : | CIVIL ACTION |
| | : | NO. 10-4591 |
| v. | : | |
| | : | |
| CSX TRANSPORTATION, INC. | : | |
| | : | |

O'NEILL, J.                                        November 22, 2010


MEMORANDUM

Plaintiff Richard Monington, a resident of Caselton-on Hudson, New York, filed this

action asserting claims against defendant CSX Transportation, Inc. under the Federal Employer

Liability Act (FELA), 45 U.S.C. §§ 51-60.  Presently before me are CSXT's motion to transfer

venue to the Northern District of New York and plaintiff's response.  For the following reasons, I

will grant CSXT's motion.

BACKGROUND

The case before me arises out of an injury plaintiff sustained in March 2007.  Plaintiff

alleges that while working at the CSXT rail yard in Selkirk, New York he fell from a railroad car

and injured his knees and ankle.  See Compl. ¶ 9.  He further asserts that the injuries have

rendered him unable to attend to his usual duties and resulted in financial loss.  See id. at 10.

Plaintiff initially filed his FELA action against CSXT in the Philadelphia County Court of

Common Pleas on March 25, 2010.  CSXT moved to dismiss plaintiff's complaint based on

forum non conveniens.  On August 26, 2010, the Court of Common Pleas granted CSXT's

motion to dismiss and instructed that "[p]laintiff may re-file this action within ninety (90) days of

dismissal in New York . . . ."  <u>Monington v. CSX Transp., Inc.</u>, No. 004926 (Phila. Com. Pleas Aug. 27, 2010) (order dismissing complaint).  On September 10, 2010, plaintiff chose instead to re-file his complaint in this Court.  On October 25, 2010, CSXT filed the instant motion to transfer venue to the Northern District of New York, Albany Division.

STANDARD FOR VENUE TRANSFER

Two venue provisions are relevant to CSXT's motion to transfer.  FELA provides that "an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action."  45 U.S.C. § 56.  Venue is proper in this district as a district where CSXT does business.  CSXT seeks transfer to the district where plaintiff's employment was centered.  The standard for transferring cases from one venue to another is set forth in 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In determining whether to grant CSXT's request to transfer venue I must weigh both private and public interest factors.  The relevant private factors include: (a) the plaintiff's forum preference as manifested in the original choice when the action was initiated; (b) the defendant's preference; (c) whether the claim arose elsewhere; (d) the relative convenience of the parties as indicated by their relative physical and financial conditions; and (e) the location of the witnesses, books and records, to the extent that the witnesses, books, or records may actually be unavailable for trial in one of the fora.  <u>Dynka v. Norfolk Southern Ry. Corp.</u>, No. 09-4854, 2010 WL 2490683 at *2 (E.D. Pa. June 15, 2010).  Public interest factors include: (a) the enforceability of

the judgment; (b) practical considerations that could make the trial easier, more expeditions or less expensive; (c) the relative administrative difficulty in the two fora resulting from court congestion; and (d) the local interest in deciding local controversies at home.  Id.  CSXT bears the burden of showing these factors weigh in favor of transfer.  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) ("The burden of establishing the need for transfer still rests with the movant.").

Courts in this district are divided as to whether, in cases involving FELA, the plaintiff's choice of forum requires a heightened level of deference.  See Barr v. Nat'l R.R. Passenger Corp., No. 08-CV-2529, 2009 WL 3497776, at *3 (E.D. Pa. Oct. 28, 2009).  Even if the plaintiff's choice of forum is to be accorded special consideration in a FELA action, the FELA venue provision "does not preclude a Section 1404(a) transfer."  Dynka, 2010 WL 2490683 at *2; see also Dominy v. CSX Transp., Inc., No. 05-481, 2006 WL 573801, at *2 (E.D. Pa. Mar. 9, 2006) ("no conflict between the venue transfer statute, 28 U.S.C. §1404(a), and Section 6 of the FELA, 45 U.S.C. § 56"); Colandrea v. Nat'l R.R. Passenger Corp., No. 99-2793, 2000 WL 186105, at *3 (E.D. Pa. Jan. 28, 2000) (internal quotation omitted) ("even assuming for the sake of argument that the burden is especially heavy in a FELA case, the Court finds that a transfer is warranted because Amtrak has made a clear, definite, and unequivocal case for the transfer").

Furthermore, FELA contains an expansive venue provision to prevent "the injustice to an injured employee of compelling him to go to the possibly far distant place [of his employer's residence] with consequent increased expense" in order to sue his employer.  Baltimore & O. R. Co. v. Kepner, 314 U.S. 44, 49 (1941).  The purpose of Section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary

3

inconvenience and expense." <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616 (1962).  Section 1404(a)

does not exist to "shift the inconvenience from one party to another."  <u>Superior Precast, Inc., v.

Safeco Ins. Co. of Am.</u>, 71 F. Supp. 2d 438, 446 (E.D. Pa. 1999).

DISCUSSION

Plaintiff advances two related arguments in response to CSXT's motion to transfer: (1)

that FELA places notable deference on the plaintiff's choice of forum; and (2) that CSXT has

failed to overcome this presumption.  Plaintiff thus concludes that his case should remain in the

Eastern District of Pennsylvania.  I disagree.

Plaintiff's choice of forum may be given some additional consideration in the context of

FELA claims.  <u>See</u> <u>Dynka</u>, 2010 WL 2490683 at *2.  Nevertheless, several other consideration

favor a transfer.  Private factors, such as the location where the claim arose and the convenience

of the witnesses, demonstrate that a transfer is appropriate here.  <u>See</u> <u>Gunder v. CSX Transp.,

Inc.</u>, No. 08-6029, 2009 WL 2004377, at *3 (E.D. Pa. July 8, 2009); <u>Kramer v. Consol. Rail

Corp.</u>, No. 97-1102, 1997 WL 214858, at *1 (E.D. Pa. Apr. 24, 1997).  In addition, the Northern

District of New York has a strong interest in resolving workplace injury claims that occur there.

<u>See</u> <u>Potrykus v. CSX Transp. Inc.</u>, No. 08-3729, 2009 WL 466573, at *3 (E.D. Pa. Feb. 25,

2009).

I.      The Private Factors

At the outset, I note that plaintiff's claims have no direct connection to this district.  He

currently resides in Casleton-on-Hudson, New York and has worked for CSXT in Selkirk, New

York since 1971.  Plaintiff does not allege that he worked for CSXT in this district, traveled to

this district in connection with his job or attended any job-related training in this district.

4

Further, it is undisputed that plaintiff was injured at the CSXT rail yard in Selkirk, New York. Not only do the claims have no connection to this district, they are significantly connected to the Northern District of New York.  As a result, the locality of the underlying events in this case favors a transfer.  See Dominy, 2006 WL 573801, at *4.

Additionally, the relevant fact witnesses are located in New York.  For example, CSXT has identified two former employees who worked with plaintiff and who it expects will testify about plaintiff's accident and subsequent injuries; both employees live in New York.  See Def.'s Motion to Transfer, Ex. D.  CSXT has additionally located seven of plaintiff's medical providers who it believes will be important to its defense and potentially unavailable if the case remains in this district.  See id.  As these witnesses reside or work in the Albany, New York area, it is logical to assume that transferring this case to the Northern District of New York would be more convenient for the witnesses.  See Gunder, 2009 WL 2004377, at *2 (noting proposed transfer forum was more convenient for defendants where three employees identified by defendant as potential witnesses all resided in or near transfer forum); Whigham v. CSX Transp., Inc., No. 04-4518, 2005 WL 441356, at *1 (E.D. Pa. Feb. 23, 2005) (granting transfer where "the [p]laintiff, all the witnesses to any injuries, and all witnesses who would testify about [p]laintiff's employment with CSX are located in the [transfer forum]"); cf. Szabo v. CSX Transp., Inc., No. 05-4390, 2006 WL 263625, at *2 (E.D. Pa. Feb. 1, 2006) ("identifying only one key witness who lives in the transferee forum is not sufficient to establish a 'clear case of convenience'"); Roar v. CSX Transp., Inc., No. 04-1927, 2004 WL 2252117, at *2 (E.D. Pa. Oct. 6, 2004) (denying transfer request where defendant only identified one significant witness in transfer forum and plaintiff had designated expert witnesses located in the area of plaintiff's chosen forum).

5

Despite having at least seven medical providers in New York, plaintiff also chose to visit a single doctor in the Philadelphia area.  This, however, is insufficient to establish a nexus with this district.  See Whigham, 2005 WL 441356, at *1 (granting transfer despite the fact that plaintiff's expert physician was located in Philadelphia).  Although plaintiff has the freedom to select any doctor he wishes, all the operative facts in this case occurred in Selkirk, New York-- hundreds of miles from Philadelphia.  As the plaintiff has seven medical providers more conveniently located in the Selkirk area, any one of these providers could presumably testify regarding his medical condition with little difficulty were the case to be transferred to the Northern District of New York.  Cf. Askew v. CSX Transp., Inc., No. 05-5915, 2008 WL 4347530, at *2 (E.D. Pa. Sept. 22, 2008) (denying transfer where defendant's physician who examined plaintiff was located in the pending forum); Coble v. Consol. Rail Corp., No. 92-2386, 1992 WL 210325 (E.D. Pa. Aug. 26, 1992) (denying transfer where plaintiff's medical experts were located in the pending forum).

Further, these doctors are beyond the subpoena power of this court and would be unavailable for trial unless they are willing to testify voluntarily.  "It is up to each individual doctor whether or not he testifies and if they decide not to testify, they would be unavailable." Gunder, 2009 WL 2004377, at *3; see also Potrykus, 2009 WL 466573, at *3 (finding that unavailability of witnesses located beyond the subpoena power of the court "weighs heavily in favor of a transfer").  As a result, plaintiff's single visit to a Philadelphia physician does not compel me to alter my conclusion that the convenience of the witnesses favors a transfer to the Northern District of New York.

II.     Public Interest Factors

Public interest factors also weigh in favor of a transfer to the Northern District of New York.  Admittedly, CSXT operates trains in Philadelphia and has litigated countless cases in this district.  Nevertheless, I find the citizens of the Northern District of New York have a stronger interest in the outcome of this case.  Plaintiff himself is a citizen of that district.  The CSXT facility where the injuries allegedly occurred is located in the Northern District of New York.  The citizens of that district have a direct connection to both the injury and CSXT's business activities at the Selkirk rail yard.

In contrast, the connection to this district is indirect and tenuous.  Plaintiff does not reside in this district nor has he worked here.  Most significantly, plaintiff's injury did not occur in this district and he has no connection to CSXT's Philadelphia operations.  Therefore, I find the residents of the Northern District of New York have a stronger interest in the resolution of this case.  See Potrykus, 2009 WL 466573, at *3 (granting transfer to Northern District of Ohio because plaintiff worked and resided there, his injury occurred there and Ohio had an interest in resolving disputes over workplace injuries sustained in Ohio); Gunder, 2009 WL 2004377, at *3 (holding interests of proposed transfer district were greater because "that district has both a direct tie to the injury and business activities conducted by Defendants"); Dominy, 2006 WL 573801, at *4 (finding public interest factors favor transfer because the injury occurred in the proposed transfer district and the plaintiff had no connection to the district where the action was initially filed); O'Laughlin v. Consol. Rail Corp., No. 98-2224, 1999 WL 124393, at *2 (E.D. Pa. Feb. 9, 1999) ("A jury in the [pending forum] would have only an attenuated and technical relation to the litigation, while a [transfer forum] jury would have a real and substantial interest in resolving a

local conflict.").

Based on the foregoing, I find that the location of the events giving rise to the claim, the convenience of the witnesses and public interest factors override plaintiff's preference in forum. Therefore, I will transfer this action to the Northern District of New York.

An appropriate Order follows.